IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED MINE WORKERS OF            :       No.  4:CV 03-1948
AMERICA INTERNATIONAL UNION;      :
UNITED MINE WORKERS OF AMERICA:
DISTRICT 2; UNITED MINE WORKERS   :
OF AMERICA LOCAL #1571; UNITED    :
MINE WORKERS OF AMERICA LOCAL     :
#4004,                            :
                    Plaintiffs    :       Judge Jones
                                  :
          v.                      :
                                  :
LEHIGH COAL AND NAVIGATION        :
COMPANY,                          :
                    Defendants    :

**ORDER**

**October 21, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is the Plaintiffs', United Mine Workers of America

International Union, United Mine Workers of America District 2, United Mine

Workers of America Local #1571, and United Mine Workers of America Local

#4004 (collectively "Plaintiffs" or "UMW") Motion for Summary Judgment on

Liability ("the Motion"), filed on September 6, 2005.  (Rec. Doc. 57).

Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and pursuant to 29

U.S.C. § 2104 of the Workers Adjustment and Retraining Notification Act (the

"WARN" Act).

For the following reasons, the Motion is denied.

## PROCEDURAL HISTORY:

Plaintiffs commenced this action by filing a complaint (doc. 1) with this Court on October 31, 2003, alleging that Defendant violated the WARN Act by failing to give required  notice to employees that were laid off from Defendant's coal mining facilities.  Attempts at settlement were unsuccessful and thereafter the parties engaged in lengthy discovery in anticipation of trial.

On July 16, 2005, the parties filed a Consent Motion to Bifurcate for Dispositive Motions Purposes Liability and Damages (doc. 35), which we granted on July 18, 2005. (Rec. Doc. 36).  On September 6, 2005, the Plaintiffs filed the instant Motion.  The Motion has been fully briefed by the parties and is therefore ripe for review.

## STATEMENT OF RELEVANT FACTS:

Plaintiffs are various labor organizations within the meaning of §2(5) of the National Labor Relations Act representing mine workers, with principal places of business located throughout Pennsylvania.  Defendant is a Pennsylvania corporation, engaged in the business of mining, processing and selling anthracite coal at its facilities in Schuylkill County, Pennsylvania.

The Defendant's property consists of a 9,000 acre site in Tamaqua, Pennsylvania.  At this location, Defendant engages in strip mining and coal processing.  Defendant also maintains administrative offices in Pottsville, Pennsylvania.  Between the two locations, the Defendant employed over 100 full-time employees.

Defendant owned a variety of heavy equipment to conduct its business, including four excavators necessary to the strip mining operation.  The largest of these excavators was the 455 De Mag ("De Mag").  On September 4, 2000, all four excavators were not operational due to mechanical difficulties.  After about one week, three of the four excavators were repaired, however the Defendant continued to experience mechanical problems with the De Mag for several weeks.  Defendants allege that at the time of the De Mag's mechanical failure, Defendant did not know how long it would take for the De Mag to be repaired.

Plaintiffs allege that the De Mag's mechanical failure was a major factor contributing to the layoffs that are at issue in this case.  Plaintiffs allege that the De Mag's failure led to a significant loss in coal production, resulting in Defendant's lender, Congress Financial Corporation ("Congress") refusing to extend Defendant additional capital, thereby forcing Defendant to lay off employees.  Defendant, however, alleges that the mechanical failure of the De Mag was offset "to some

3

degree" by a front-end loader used for excavation.[1]  Defendant alleges that the failure of the De Mag was tempered by use of the front-end loader and did not lead to a significant loss in production.

Defendant and Congress entered into a lending arrangement in 1998.  On at least two occasions, Defendant defaulted on the financial covenants of the agreement.  Plaintiff alleges that during 2000 and 2001, Congress refused to lend Defendant additional capital and when Defendant's requests were denied, Defendant unsuccessfully attempted to secure substitute financing. Defendant alleges that Congress made "numerous accommodations" to Defendant throughout their lending relationship, over and above what was required by the terms of the loan document. (Rec. Doc. 70 at 4).

Between January 10, 2001 and January 22, 2001, Defendant laid off ninety-five employees.  Thereafter, between January 15, 2001 and February 15, 2001, Defendant laid off sixty-two employees.  Plaintiffs allege that no employees received notice of impending layoffs prior to January of 2001.  In February of 2001, Defendant sent a letter to its salaried employees and a union representative, informing them that the layoffs might be of a permanent nature.

---

[1] Defendant alleges that the front-end loader was capable of doing 1/3 of the work of the De Mag.

**STANDARD OF REVIEW:**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED .R. CIV. .P.  56(c); <u>see</u> <u>also</u> <u>Turner v. Schering-Plough Corp.</u>, 901 F.2d 335, 340 (3d Cir. 1990).  The party moving for summary judgment bears the burden of showing "there is no genuine issue for trial."  <u>Young v. Quinlan</u>, 960 F.2d 351, 357 (3d Cir. 1992).  Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences which a fact finder could draw from them.  <u>See</u> <u>Peterson v. Lehigh Valley Dist. Council</u>, 676 F.2d 81, 84 (3d Cir. 1982).

Initially, the moving party has a burden of demonstrating the absence of a genuine issue of material fact.  <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 323 (1986).  This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at trial.  <u>Id</u>. at 325.

Federal Rule of Civil Procedure 56 provides that, where such a motion is made and properly supported, the non-moving party must then show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue for trial.  Fed.R.Civ.P. 56(e).  The United States Supreme Court

has commented that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of their case that a reasonable jury could find in its favor.  Celotex Corp., 477 U.S. at 322-23.

It is important to note that "the non-moving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact."  Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 511 (3d Cir. 1994) (citation omitted).  However, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) (citations omitted).

Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)(emphasis in original).  "As to materiality, the substantive law will identify which facts are material."  Id. at 248.  A dispute is considered to be genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.

**DISCUSSION:**

A.      The WARN Act

Pursuant to the WARN Act, a covered employer[2] "shall not order a plant

closing or mass layoff until the end of a 60-day period after the employer serves

written notice of such an order."  29 U.S.C. § 2102(a).  The written notice must be

served on either each affected employee or a representative of each affected

employee.  See 29 U.S.C. § 2102(a)(1).  The written notice must also indicate a

fourteen day window during which the closing or layoffs are expected.  See 20

C.F.R. § 639.7(b).  An employer who violates § 2101 the WARN Act is liable to

the affected employees in the form of back pay for each day of violation.  See 29

U.S.C. § 2104(a)(1)(A).

An employer may order a closing or layoffs before the conclusion of the 60-

day period if the layoff or closing is (1) caused by business circumstances that

were not reasonably foreseeable as of the time that notice would have been required

or (2) if the employer was actively seeking capital at the time that notice would have

been required, and the acquisition of the capital would allow the employer to

postpone or avoid a shutdown or layoffs.   See 29 U.S.C. § 2101(b)(1) & (2)(A).

The Third Circuit Court of Appeals held in Hotel Employees Local 54 v. Elisnore

---

[2] Defendant is a covered employer under the WARN Act because it employed over 100
employees.  See 29 U.S.C. § 2101(a)(1).

7

Shore Associates, 173 F. 3d 175 that

> " . . . an employer may validly assert the unforeseeable business
> circumstances exception unless closing [or layoffs] is foreseeable
> 60 days in advance and within a 14-day window."

Id. at 185.  Elisnore further held that if the layoffs or closing were not foreseeable

60 days in advance and within a 14 day window, the notice period may be reduced

or eliminated entirely.  See id. at 187.

Under §2101(c) of the WARN Act, notice is not required prior to a mass

layoff if, at the outset of the layoff, it was announced to be a layoff of six months

or less and thereafter, the layoff extends beyond six months due to unforeseeable

business circumstances and notice is given at the time it becomes reasonably

foreseeable that the extension beyond six months will be required.  See 29 U.S.C. §

2101(c)(1) & (2).

B.     Unforeseeable Business Circumstances Exception

It is Plaintiffs' position that Defendant is not protected by the unforeseeable

business circumstances exception to the WARN Act.  Plaintiffs argue that while

this exception allows employers to execute layoffs before the 60-day period has

run, it still requires written notice to be served on affected employees in anticipation

of a layoff 60 days thereafter. Plaintiffs' argue that Defendant did not serve written

notice on affected employees until February 6, over a month after the first round of

layoffs occurred, and therefore cannot be protected by the exception.

Defendant argues that it is protected by the unforeseeable business circumstances exception to the WARN Act because the layoffs were not foreseeable 60 days in advance and within a 14 day window.  Defendant alleges that the layoffs were not foreseeable 60 days in advance and within a 14 day window because the protracted repair period of the De Mag was unforeseeable, as was the refusal of Congress to restructure Defendant's debt or extend Defendant additional capital to maintain operations.  Defendant relies on <u>Elisnore</u> and argues that it was not required to give notice because of the unforeseeable nature of the layoffs.

It is apparent to us that the parties patently disagree on whether Congress' refusal to extend capital to Defendant was foreseeable.  The parties also clearly disagree about the importance of the De Mag to Defendant's operations, as well as the foreseeability of the length of the repair period.  Therefore, as genuine issues of fact remain, it would be improper for us to grant summary judgment at this time.

C.      § 2101(c) of the WARN Act

Defendant also posits that it is protected by § 2101(c) of the WARN Act. Defendant alleges that, at the outset, it anticipated the layoffs to be of a temporary nature.  Defendant argues that due to an unforeseeable business circumstance, namely the protracted repair period of essential equipment and the unwillingness of

Congress to extend additional capital to Defendant, the layoffs extended beyond a six month period.  Defendant notes that, in full compliance with § 2101(c), it gave written notice when it became aware that the layoffs would not be temporary; first in a letter to UMW representative Ed Yankovich dated February 9, 2001 and then to letters sent to each individual employee dated February 16, 2001.

With respect to this exception, there remains a material issue of fact whether, at the outset of the layoffs, it was announced that the layoffs would last less than a six month period.  The proof of such an announcement would indicate to us that Defendant would be in a position to seek the protection of this exception.  However, as previously mentioned, genuine issues of fact remain regarding the foreseeability of the business circumstances. The existence of these issues precludes the entry of summary judgment.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     The Plaintiffs' Motion for Summary Judgment on Liability (doc. 57) is

DENIED.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge