IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED MINE WORKERS OF | : | No.  4:CV 03-1948 |
| AMERICA INTERNATIONAL UNION; | : | |
| UNITED MINE WORKERS OF AMERICA | : | |
| DISTRICT 2; UNITED MINE WORKERS | : | |
| OF AMERICA LOCAL #1571; UNITED | : | |
| MINE WORKERS OF AMERICA LOCAL | : | |
| #4004, | : | |
| Plaintiffs | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| LEHIGH COAL AND NAVIGATION | : | |
| COMPANY, | : | |
| Defendants | : | |

**ORDER**

**November 8, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is Defendant's, Lehigh Coal and Navigation

Company ("Defendant") Motion for Summary Judgment ("Defendant's Motion"),

filed on August 26, 2005.  (Rec. Doc. 38).

Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and pursuant to 29

U.S.C. § 2104 of the Workers Adjustment and Retraining Notification Act (the

"WARN" Act).

For the following reasons, Defendant's Motion is denied.

1

**PROCEDURAL HISTORY:**

Plaintiffs commenced this action by filing a complaint (doc. 1) with this Court on October 31, 2003, alleging that Defendant violated the WARN Act by failing to give required  notice to employees that were laid off from Defendant's coal mining facilities.  Attempts at settlement were unsuccessful and thereafter the parties engaged in lengthy discovery in anticipation of trial.

On July 16, 2005, the parties filed a Consent Motion to Bifurcate for Dispositive Motions Purposes Liability and Damages (doc. 35), which we granted on July 18, 2005. (Rec. Doc. 36).

On September 6, 2005, Plaintiffs filed a Motion for Summary Judgment as to Liability (doc. 57) which we denied on October 21, 2005.  (Rec. Doc. 73).

On August 26, 2005, Defendant filed the instant Motion.  Defendant's Motion has been fully briefed by the parties and is therefore ripe for review.

**STATEMENT OF RELEVANT FACTS**:

Plaintiffs are various labor organizations within the meaning of §2(5) of the National Labor Relations Act representing mine workers, with principal places of business located throughout Pennsylvania.  Defendant is a Pennsylvania corporation, engaged in the business of mining, processing and selling coal at its facilities in Schuklyill County, Pennsylvania. Defendant is owned and operated by

James Curran, Jr.  By all accounts, Mr. Curran is a veteran in the anthracite coal business.

The Defendant's property consists of a 9,000 acre coal mine site in Tamaqua, Pennsylvania.  At this location, Defendant engages in strip mining and coal processing.  Defendant also maintains administrative offices in Pottsville, Pennsylvania.  Between the two locations, the Defendant employed over 100 full-time employees.

Defendant owned a variety of heavy equipment to conduct its business, including four excavators necessary to the strip mining operation.  The largest of these excavators was the 455 De Mag ("De Mag").  On September 4, 2000, all four excavators were not operational due to mechanical difficulties.  After about one week, three of the four excavators were repaired, however the Defendant continued to experience mechanical problems with the De Mag for several weeks.  Defendants allege that at the time of the De Mag's mechanical failure, Defendant did not know how long it would take for the De Mag to be repaired.

Plaintiffs allege that the De Mag's mechanical failure was a major factor contributing to the lay offs that are at issue in this case.  Plaintiffs allege that the De Mag's failure led to a significant loss in coal production, resulting in Defendant's lender, Congress Financial Corporation ("Congress") refusing to

extend Defendant additional capital, thereby forcing Defendant to lay off employees.  Defendant, however, alleges that the mechanical failure of the De Mag was offset "to some degree" by a front-end loader used for excavation.[1]  Defendant alleges that the failure of the De Mag was tempered by use of the front-end loader and did not lead to a significant loss in production.

Defendant and Congress entered into a lending arrangement in 1998.  On at least two occasions, Defendant defaulted on the financial covenants of the agreement.  Plaintiff alleges that during 2000 and 2001, Congress refused to lend Defendant additional capital and when Defendant's requests were denied, Defendant unsuccessfully attempted to secure substitute financing. Defendant alleges that Congress made "numerous accommodations" to Defendant throughout their lending relationship, over and above what was required by the terms of the loan document.

Between January 10, 2001 and January 22, 2001, Defendant laid off ninety-five employees.  Thereafter, between January 15, 2001 and February 15, 2001, Defendant laid off sixty-two employees.  Plaintiffs allege that no employees received notice of impending layoffs prior to January of 2001.  In February of

---

[1] Defendant alleges that the front-end loader was capable of doing 1/3 of the work of the De Mag.

4

2001, Defendant sent a letter to its salaried employees and a union representative, informing them that the layoffs might be of a permanent nature.

**STANDARD OF REVIEW:**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED .R. CIV. .P.  56(c); see also Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990).  The party moving for summary judgment bears the burden of showing "there is no genuine issue for trial."  Young v. Quinlan, 960 F.2d 351, 357 (3d Cir. 1992).  Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences which a fact finder could draw from them.  See Peterson v. Lehigh Valley Dist. Council, 676 F.2d 81, 84 (3d Cir. 1982).

Initially, the moving party has a burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986).  This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at trial.  Id. at 325.

Federal Rule of Civil Procedure 56 provides that, where such a motion is made and properly supported, the non-moving party must then show by affidavits,

pleadings, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue for trial.  Fed.R.Civ.P. 56(e).  The United States Supreme Court has commented that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of their case that a reasonable jury could find in its favor.  Celotex Corp., 477 U.S. at 322-23.

It is important to note that "the non-moving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact."  Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 511 (3d Cir. 1994) (citation omitted).  However, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true."  Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) (citations omitted).

Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)(emphasis in original).  "As to materiality, the substantive law will identify which facts are material."  Id. at 248. A dispute is considered to be genuine only if "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party."  Id.

## DISCUSSION:

Defendant's Motion (doc. 38) seeks summary judgment on the same grounds as Plaintiff's Motion for Summary Judgment as to Liability ("Plaintiff's Motion")(doc. 57), with the exception that Defendant's seek summary judgment on one additional provision of the WARN Act not briefed in Plaintiff's Motion (doc. 57).  We will first note that  to the extent that Defendant's Motion seeks summary judgment on the same grounds as Plaintiff's Motion (doc. 38), Defendant's Motion is denied for the reasons set forth in our Order filed on October 21, 2005.

### A.    The Faltering Company Exception to the WARN Act

Pursuant to §2102(b)(1) of the WARN Act, a "faltering company" need not give sixty days notice before a mass layoff.  The WARN Act states:

> An employer may order the shutdown of a single site of employment before the conclusion of the 60-day period if as of the time that notice would have been required the employer was actively seeking capital or business which, if obtained, would have enabled the employer to avoid or postpone the shutdown and the employer reasonably and in good faith believed that giving the notice required would have precluded the employer from obtaining the needed capital or business.

The regulations promulgated pursuant to the WARN Act dictate that the "faltering company" exception should be "narrowly construed."  20 C.F.R. § 639.9(a).

7

Under the regulations, a to be "actively seeking capital" a company must be "seeking financing or refinancing through the arrangement of loans, the issuance of stocks, bonds, or other methods of internally generated financing; or the employer must have been seeking additional money, credit or business through any other commercially reasonable method.  The employer must be able to identify the specific actions taken to obtain capital or business."  20 C.F.R. §639.9(a)(1).   The employer must  articulate that the additional capital, if obtained, would avoid shutdown and would keep the job site open for a reasonable period of time.  See 20 C.F.R. §639.9(a)(3). Also, the employer must show that there was a realistic opportunity to obtain the financing.  See 20 C.F.R. §639.9(a)(2).

Defendant argues that it was actively seeking capital prior to the actual shutdown, and therefore should be exempt from the requirements of the WARN Act pursuant to the "faltering company" exception.  Plaintiffs argue that Defendant cannot seek the protection of the "faltering company" exception because it does not provide any objective evidence of its attempts at financing with Congress or alternative sources.

We agree with Plaintiffs' argument that Defendant has failed to provide the court with enough objective evidence at this juncture to grant

summary judgment.   Furthermore, there are still genuine issues of fact to be resolved regarding the financing arrangements that Defendant was seeking at the time of the layoff.

Therefore, for the foregoing reasons, Defendant's Motion is denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     Defendant's Motion (doc. 38) is DENIED.

<u>s/ John  E. Jones III</u>
John E. Jones III
United States District Judge